---

**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**0** Valuation of Security   **0** Assumption of Executory Contract or Unexpired Lease   **0** Lien Avoidance

---

Last Revised Decenber 1, 2017

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

IN RE:

Case No. **2:17-bk-19467** _____

Judge _____

**Mercado, Sandra** _____
Debtor(s)

### CHAPTER 13 PLAN AND MOTIONS

[ ] Original                    [ x ] Modified/Notice Required          Date: **April  5, 2018**

[ ] Motions Included            [ ] Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

[ ] DOES **[X]** DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

[ ] DOES **[X]** DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

[ ] DOES **[X]** DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: **EH**          Initial Debtor: **SM**                    Initial Co-Debtor:

## Part 1: Payment and Length of Plan

a.  The debtor shall pay $ **355.00** per **month** to the Chapter 13 Trustee, starting on _____ for approximately **48** months.

b.  The Debtor shall make plan payments to the Trustee from the following sources:
    **[X]** Future Earnings
    [ ]  Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:
    [ ]  Sale of real property
         Description:
         Proposed date for completion: _____

    [ ]  Refinance of real property
         Description:
         Proposed date for completion: _____

    [ ]  Loan modification with respect to mortgage encumbering property
         Description:
         Proposed date for completion: _____

d.  [ ]  The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  [ ]  Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection [] NONE

a. Adequate protection payments will be made in the amount of $ 115.00 to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____**Wells Fargo Dealer Services**_____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____2146.00_____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to _____SLS_____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Tomes & Hanratty P.C.** | Administrative Expense | **2,335.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
**[X]** None
[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| **None** | | | |

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence: [X]NONE**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **SLS** | 1st mortgage | 2000 | 0 | 2000 | 2146.00 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: [X] NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **None** | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506: [X] NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| **None** | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments [X] NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| **None** | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender [X] NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **None** | | | |

**f. Secured Claims Unaffected by the Plan [X] NONE**

The following secured claims are unaffected by the Plan:
**None**

**g. Secured Claims to Be Paid in Full Through the Plan [X] NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **None** | | |

## Part 5: Unsecured Claims [ ] NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

___ Not less than $ _____ to be distributed *pro rata*
___ Not less than _____ percent
__x__ *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| **None** | | | |

## Part 6: Executory Contracts and Unexpired Leases [X] NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| **None** | | | | |

## Part 7: Motions

4

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served.**

### a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). [   ] NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| **None** | | | | | | | |

### b. Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured. [X] NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| **None** | | | | | | |

### c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. [X] NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| **None** | | | | | |

## Part 8: Other Plan Provisions

### a. Vesting of Property of the Estate

   **X**  Upon Confirmation
   ____ Upon Discharge

### b. Payment Notices

Creditors and Lessors provided for in Sections 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Trustee shall pay allowed claims in the following order:

    1) **Trustee Commissions**
    2) **Other Administrative Claims**
    3) **Secured Claims**
    4) **Lease Arrearages**
    5) **Priority Claims**
    6) **General Unsecured Claims**

    **d. Post-petition claims** The Trustee **[ ]** is, **[X]** is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification [ ] NONE

If this plan modifies a plan previously filed in this case, complete the information below.

Date of Plan being modified:   __4/5/18__

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified. |
|---|---|
| increase monthly payments & duration | increase monthly payment to $355 for 48 months |

Are Schedules I and J being filed simultaneously with this Modified Plan?  **[ x ]** Yes  **[ ]** No

## Part 10: Non-Standard Provision(s): Signatures Required

    Non-Standard Provisions Requiring Separate Signatures:

**[X]** NONE
**[ ]** Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

    I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 4/5/2018          /s/ Edward Hanratty
                        Attorney for the Debtor

Date: 4/5/2018          /s/ Sandra Mercado
                        Debtor

Date:
                        Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 4/5/2018                             /s/ Edward Hanratty
                                          Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 4/5/18                              /s/ Sandra Mercado
                                          Debtor

Date:                                     _____
                                          Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                              Case No. 17-19467-VFP
Sandra Mercado                                                      Chapter 13
          Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin          Page 1 of 2          Date Rcvd: Apr 09, 2018
                             Form ID: pdf901       Total Noticed: 45

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 11, 2018.
db             Sandra Mercado,    445 Fern Pl,    Elizabeth, NJ  07202-2705
cr            +Wells Fargo Bank, N.A., d/b/a Wells Fargo Dealer S,    1451 Thomas Langston Rd.,
               Winterville, NC 28590-8872
516875899     +Amerimark,    c/o Creditors Bankruptcy Service,   P.O. Box 800849,    Dallas, TX 75380-0849
516814743    ++BANK OF AMERICA,    PO BOX 982238,   EL PASO TX 79998-2238
               (address filed with court:  Bank of America,    PO Box 982235,    El Paso, TX  79998-2235)
516814744      Brylane Home,    PO Box 659728,   San Antonio, TX  78265-9728
516814745      Capital One,    PO Box 30285,   Salt Lake City, UT  84130-0285
516814746      Chase,    PO Box 15298,   Wilmington, DE  19850-5298
516814747      Comenity Bank,    PO Box 182273,   Columbus, OH  43218-2273
516857440     +Deutsche Bank National Trust Co.,Trustee(See 410),    c/o Specialized Loan Servicing LLC,
               8742 Lucent Blvd, Suite 300,   Highlands Ranch, Colorado 80129-2386
516814749      First Premiere Bank,    PO Box 5524,   Sioux Falls, SD  57117-5524
516814751      Home Depot,    PO Box 790328,   Saint Louis, MO  63179-0328
516872104     +National Collegiate Student Loan Trust 2007-3,    Po Box 4275,    Norcross, GA 30091-4275
516814757      PayPal Credit,    PO Box 105658,   Atlanta, GA  30348-5658
516814759      SLS,    8742 Lucent Blvd Ste 300,   Highlands Ranch, CO  80129-2386
516814758      Seventh Avenue,    112 W 7th St,   Monroe, WI  53566-1099
516814760      Stoneberry,    PO Box 2820,   Monroe, WI  53566-8020
516814761      Synchrony Bank,    PO Box 105972,   Atlanta, GA  30348-5972
516814762      Target,    PO Box 660170,   Dallas, TX  75266-0170
516895539      Wells Fargo Bank N.A., d/b/a Wells Fargo Dealer Se,    P.O. BOX 19657,    IRVINE, CA 92623-9657
516814765      Wells Fargo Dealer Services,    PO Box 168048,   Irving, TX  75016-8048

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Apr 09 2018 23:27:19    U.S. Attorney,    970 Broad St.,
               Room 502,   Rodino Federal Bldg.,   Newark, NJ  07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 09 2018 23:27:34    United States Trustee,
               Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
516814742      E-mail/PDF: gecsedi@recoverycorp.com Apr 09 2018 23:23:41    Amazon,    PO Box 960013,
               Orlando, FL  32896-0013
517067046     +E-mail/Text: bncmail@w-legal.com Apr 09 2018 23:27:52    Comenity Capital Bank/Paypal Credit,
               c/o Weinstein & Riley, PS,   2001 Western Ave., Ste 400,    Seattle, WA 98121-3132
516895266     +E-mail/Text: bankruptcy@sccompanies.com Apr 09 2018 23:28:57    Country Door,
               c/o Creditors Bankruptcy Service,   P.O. Box 800849,    Dallas, TX 75380-0849
516814748      E-mail/Text: bankruptcy@sccompanies.com Apr 09 2018 23:28:57    Direct Charge,    1112 7th Ave,
               Monroe, WI  53566-1364
516895268     +E-mail/Text: bankruptcy@sccompanies.com Apr 09 2018 23:28:57    Direct Charge,
               c/o Creditors Bankruptcy Service,   P.O. Box 800849,    Dallas, TX 75380-0849
516814750      E-mail/Text: bankruptcy@sccompanies.com Apr 09 2018 23:28:57    Ginny's,    1112 7th Ave,
               Monroe, WI  53566-1364
516895269     +E-mail/Text: bankruptcy@sccompanies.com Apr 09 2018 23:28:57    Ginny's,
               c/o Creditors Bankruptcy Service,   P.O. Box 800849,    Dallas, TX 75380-0849
516928866      E-mail/Text: bkr@cardworks.com Apr 09 2018 23:26:42    MERRICK BANK,
               Resurgent Capital Services,   PO Box 10368,   Greenville, SC 29603-0368
516814752      E-mail/Text: bkr@cardworks.com Apr 09 2018 23:26:42    Merrick Bank,    PO Box 9201,
               Old Bethpage, NY  11804-9001
517045861     +E-mail/Text: bankruptcy@mcmcg.com Apr 09 2018 23:27:34    Midland Funding LLC,
               PO Box 2011,   Warren, MI 48090-2011
516814753      E-mail/Text: bankruptcy@sccompanies.com Apr 09 2018 23:28:57    Midnight Velvet,
               1112 7th Ave,   Monroe, WI  53566-1364
516895267     +E-mail/Text: bankruptcy@sccompanies.com Apr 09 2018 23:28:57    Midnight Velvet,
               c/o Creditors Bankruptcy Service,   P.O. Box 800849,    Dallas, TX 75380-0849
516814754      E-mail/Text: bankruptcy@sccompanies.com Apr 09 2018 23:28:57    Montgomery Ward,
               1112 7th Ave,   Monroe, WI  53566-1364
516895270     +E-mail/Text: bankruptcy@sccompanies.com Apr 09 2018 23:28:57    Montgomery Ward,
               c/o Creditors Bankruptcy Service,   P.O. Box 800849,    Dallas, TX 75380-0849
516814755      E-mail/PDF: gecsedi@recoverycorp.com Apr 09 2018 23:24:01    Old Navy,    PO Box 530942,
               Atlanta, GA  30353-0942
516814756      E-mail/Text: bankruptcy@sccompanies.com Apr 09 2018 23:28:57    One Step Ahead,    PO Box 2866,
               Monroe, WI  53566-8066
517068239      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 09 2018 23:23:28
               Portfolio Recovery Associates, LLC,   c/o Capital One Bank, N.a.,    POB 41067,
               Norfolk VA 23541
517068337      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 09 2018 23:23:47
               Portfolio Recovery Associates, LLC,   c/o Rcs Direct Marketing/Household Bank,    POB 41067,
               Norfolk VA 23541
516908086      E-mail/Text: bnc-quantum@quantum3group.com Apr 09 2018 23:27:29
               Quantum3 Group LLC as agent for,   MOMA Funding LLC,    PO Box 788,    Kirkland, WA  98083-0788
516895265     +E-mail/Text: bankruptcy@sccompanies.com Apr 09 2018 23:28:57    Seventh Avenue,
               c/o Creditors Bankruptcy Service,   P.O. Box 800849,    Dallas, TX 75380-0849
516814763      E-mail/Text: bankruptcy@td.com Apr 09 2018 23:27:45    TD Bank,    1701 Marlton Pike E,
               Cherry Hill, NJ  08003-2390

```
District/off: 0312-2          User: admin              Page 2 of 2            Date Rcvd: Apr 09, 2018
                              Form ID: pdf901          Total Noticed: 45
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
```
516875554        +E-mail/Text: bncmail@w-legal.com Apr 09 2018 23:27:52      TD Bank USA, N.A.,
                  C O WEINSTEIN & RILEY, PS,   2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
516814764         E-mail/Text: bankruptcy@sccompanies.com Apr 09 2018 23:28:57    Through the Country Door,
                  1112 7th Ave,   Monroe, WI 53566-1364
                                                                                   TOTAL: 25
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517065864*       +Deutsche Bank National Trust Co. Trustee (See 410),   c/o Specialized Loan Servicing LLC,
                  8742 Lucent Blvd, Suite 300,   Highlands Ranch, Colorado 80129-2386
                                                                      TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 11, 2018                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 6, 2018 at the address(es) listed below:
```
        Brian C. Nicholas   on behalf of Creditor   Deutsche Bank National Trust Company, as Trustee for
         Morgan Stanley ABS Capital I Inc. Trust 2006- HE3 Mortgage Pass-Through Certificates, Series
         2006-HE3 bnicholas@kmllawgroup.com,  bkgroup@kmllawgroup.com
        Edward Hanratty   on behalf of Debtor Sandra  Mercado thanratty@tomeslawfirm.com,
         ftomes@tomeslawfirm.com;G17018@notify.cincompass.com;abby@tomeslawfirm.com
        John R. Morton, Jr.   on behalf of Creditor   Wells Fargo Bank, N.A., d/b/a Wells Fargo Dealer
         Services ecfmail@mortoncraig.com,  mortoncraigecf@gmail.com
        Marie-Ann  Greenberg   magecf@magtrustee.com
        U.S. Trustee   USTPRegion03.NE.ECF@usdoj.gov
                                                                              TOTAL: 5
```